UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOREN WAGNER,
*on behalf of herself and all others*
*similarly situated,*

  Case No. 24-cv-13047

  Plaintiff,

  HON. JUDITH E. LEVY
  MAG. KIMBERLY G. ALTMAN

v.

HANON SYSTEMS USA, LLC,
c/o Statutory Agent The Corporation
Company, 40600 Ann Arbor Road E.,
Suite 201, Plymouth, MI  48170,

  Defendant.

---

Daniel I. Bryant (OH No. 0090859)
BRYANT LEGAL, LLC
4400 N. High St., Suite 310
Columbus, OH  43214
PH:  (614) 704-0546
FX:  (614) 573-9826
dbryant@bryantlegalllc.com

Esther E. Bryant (OH No. 0096629)
BRYANT LEGAL, LLC
3450 W. Central Ave., Suite 370
Toledo, OH  43606
PH:  (419) 824-4439
FX:  (419) 932-6719
ebryant@bryantlegalllc.com

David R. Deromedi (MI P42093)
DICKINSON WRIGHT PLLC
*Attorneys for Defendant*
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
PH:  (313) 223-3048
FX:  (844) 670-6009
dderomedi@dickinsonwright.com

Joseph F. Scott (OH No. 0029780)
Ryan A. Winters (OH No. 0086917)
Kevin M. McDermott II (OH No. 0090455)
SCOTT & WINTERS LAW FIRM, LLC
11925 Pearl Rd., Suite 308
Strongsville, OH  44136
PH:  (216) 912-2221
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Named Plaintiff and
Other Members of the proposed FLSA
Collective and proposed Rule 23 Class
Counsel*

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO COLLECTIVE AND CLASS ACTION COMPLAINT

NOW COMES Defendant Hanon Systems USA, LLC ("Defendant") by its attorneys, Dickinson Wright PLLC, and answers Plaintiff's Collective and Class Action Complaint as follows:

## INTRODUCTION

1.     The FLSA is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). The FLSA required Defendant to pay all non-exempt employees at

least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio law further required Defendant to pay all hourly, non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. See O.R.C. § 4111.03(A). Finally, the OPPA required Defendant to pay all wages in a timely manner. See O.R.C. § 4113.15(A)-(B).

**ANSWER:  Defendant neither admits nor denies the allegation contained herein because it contains legal conclusions to which no answer is required.**

2.     Named Plaintiff brings this Collective and Class Action Complaint to challenge the policies and practices of Defendant that violate the FLSA, 29 U.S.C. §§ 201-219, and the Ohio Acts, in order to recover unpaid wages and other damages from Defendant.

**ANSWER:  Defendant neither admits nor denies the allegation contained herein because it contains legal conclusions to which no answer is required.**

3.     As to Count I, Named Plaintiff seeks to prosecute FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective," as defined below).

**ANSWER**:  **Defendant admits that Plaintiff has accurately cited the Fair Labor Standards Act ("FLSA") 29 U.S.C. §216(b) but denies the allegations that it violated the FLSA.  Answering further, while Defendant acknowledges that Plaintiff seeks to represent a collective-class of employees, Defendant denies that certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

4.     As to Counts II and III, Named Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the Ohio Acts (the "State Law Class," as is more fully defined herein).

**ANSWER**:  **Defendant denies the allegations that it violated the "Ohio Acts" cited in Paragraph 1 above.  Answering further, while Defendant admits that Plaintiff seeks to represent a class of employees under Fed. R. Civ. P. 23, Defendant denies that Plaintiff's claims are appropriate for class status, that Plaintiff is an appropriate representative for others for the claims alleged, and that this matter should be certified as a class action.**

5.     Named Plaintiff, the FLSA Collective, and State Law Class now seek to exercise their rights to unpaid overtime wages and additional statutory liquidated damages in this matter, as applicable, other penalties, in addition to prejudgment and post-judgment interest, as applicable, costs and attorneys' fees incurred in

prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just as a result of Defendant's companywide unlawful pay policies/practices as more fully described below.

**ANSWER: Defendant denies the allegations that it violated the FLSA and the state laws cited in Paragraph 1. Answering further, while Defendant admits that Plaintiff seeks to represent a collective-class and/or class action consisting of Defendant's employees, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

## I. JURISDICTION AND VENUE

6.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. See 29 U.S.C. § 216(b).

**ANSWER:  Defendant admits only that this Court has subject-matter jurisdiction over the claims alleged in the Complaint for purposes of this action.**

7.      This Court also has supplemental jurisdiction over the Ohio Acts claims because these claims arise from a common nucleus of operative facts. See 29 U.S.C. § 1367.

**ANSWER:   Defendant admits only that this Court has supplemental jurisdiction over the Ohio Acts claims alleged in the Complaint for purposes of this action.**

8.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Named Plaintiff's claims arose and/or emanated from companywide decision makers at Defendant's corporate headquarters, located at 39600 Lewis Drive, Novi, Michigan, 48377, which is in this judicial district and division.

**ANSWER:  Defendant admits only that this Court is a proper venue for this action.**

9.      In addition, this Court has general jurisdiction over Defendant since its headquarters is located at the address in ¶ 8, which is located in this judicial district and division.

**ANSWER:   Defendant admits only that this Court has general jurisdiction over it.**

## II. THE PARTIES

**A.    Named Plaintiff Wagner**

10.      Named Plaintiff is an individual, a citizen of the United States, and a resident of the State of Ohio.

**ANSWER:  Defendant admits the allegation.**

11.    During the three years preceding this Complaint, Named Plaintiff worked as an hourly, non-exempt employee for Defendant.

**ANSWER**:  **Defendant admits the allegation.**

12.    Wagner's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**, and is fully incorporated by reference herein.

**ANSWER**:  **Defendant neither admits nor denies the allegation regarding Plaintiff's Consent to Join Form because it is without sufficient information to respond.**

**B.    Defendant's Business, Defendant's Status as an Employer, and Defendant's Status as an Enterprise**

13.    Defendant is a foreign for-profit corporation formed under the laws of the State of Delaware.[1]

**ANSWER: Defendant avers that it is a foreign limited liability company organized under the laws of the State of Delaware.**

14.    Defendant is a full-line supplier of automotive thermal management solutions for electrified and conventional vehicles. Defendant's range of products include heating, ventilation, and air conditioning (HVAC) modules, powertrain

---

[1]  *See*
https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?token=nBxILn58HwVtv4JMRDwTm1cWbl
opjmzIgq3FCQzRMH7Z0mRAdeXC1Co7EvuL57UamJCTuUk1MHLAAArpV68/dcoi4o0eFmB3pUFzT9aYuL2Ju
uPMntU9vggEx5YaO4vvuIZmfNvFrbwV5ippU9Is9kx1CFAysZhYSjpmQhS/jLscreL6zM+V1HGmW6vDPf5OLA
RkcbjjwW38IkqUzdxSWH+5FFM8b5e/GZYZVOqee17s75mFmtpc+OL0wdZB7sqOgItN42Gbrsia7x6cjkMoOokP
kpPOXPAaNdCG09XW8RVYPO3RoeaYjOPKToIa/81zJk2pSfzNUThrwj8dxPeLu61mf8FxgJfn (last accessed
Nov. 14, 2024).

cooling (PTC) and heat exchangers, compressors, fluid transport (FT), electronics and fluid pressure (E&FP), heat pump systems, and thermal management modules.[2]

**ANSWER:  Defendant admits that its website contains information regarding its business as referenced in the allegation.**

15.    Defendant operates multiple facilities to serve its common business purpose under the "Hanon Systems" brand, including throughout Ohio, Alabama, Georgia, and Tennessee.[3]

**ANSWER:  Defendant admits that its website contains information regarding its business as referenced in the allegation.**

16.    At all times relevant, Defendant was an "employer" of Named Plaintiff and the FLSA Collective within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is/was an employer of Named Plaintiff and the State Law Class within the meaning of the Ohio Acts.

**ANSWER:  Defendant admits the allegation.**

17.    Defendant employs many hundreds of hourly, non-exempt production/manufacturing employees, including Named Plaintiff, the FLSA Collective, and State Law Class, in further of its business purposes, at its

---

[2]  *See, e.g.,* https://www.hanonsystems.com/En/Solutions/Climate (last accessed Nov. 18, 2024).
[3]  *See* https://www.hanonsystems.com/en/company/network#tab1-4 (last accessed Nov. 14, 2024).

production/manufacturing facilities throughout the United States, including in Ohio, Alabama, Georgia, and Tennessee.

**ANSWER:  Defendant Hanon Systems, LLC admits only that it employs hourly, non-exempt production/manufacturing employees, including the Named Plaintiff, in Michigan and Ohio.  Defendant denies that it employs hourly, non-exempt production/manufacturing employees in Alabama, Georgia, or Tennessee.**

18.    During the relevant time period preceding the filing of this Complaint, it is estimated that there are in excess of one thousand employees similarly situated to the Named Plaintiff.

**ANSWER:  Defendant denies the allegation.**

19.    The hourly, non-exempt production/manufacturing employees are all subject to the same or similar policies pertaining to computing hours worked and compensation.

**ANSWER:  Defendant admits only that employees in its Carey, Ohio plant where Plaintiff was employed were subject to the same or similar policies regarding computing hours worked and compensation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

20.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendant performs related activities through unified operations and common control for a common business purpose; namely, the operation of Hanon Systems production/manufacturing facilities[4] throughout the continental United States.

**ANSWER:  Defendant denies the allegation.**

21.    At all times relevant, Defendant, from its U.S. corporate headquarters, had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

**ANSWER:    Defendant  denies  the  allegation.    Answering  further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

22.    At all times relevant, Defendant exercised authority and control over Named Plaintiff, the FLSA Collective, and State Law Class.

**ANSWER:    Defendant  denies  the  allegation.    Answering  further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class**

---

[4]  Further, by "facility," it is intended to mean Defendant's manufacturing/production facilities; "production" and "manufacturing" will be used interchangeably herein.

certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.

23.     At all times relevant, Defendant had the authority to (and currently does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain or is required to maintain employee records of Named Plaintiff, the FLSA Collective, and State Law Class.

**ANSWER:  Defendant denies the allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

24.     At all times relevant, Defendant is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i), and its employees handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

**ANSWER:  Defendant admits the allegation.**

25.     During the preceding three (3) years, Defendant has had annual gross volume of sales made or business done of at least $500,000 (exclusive of excise taxes at the retail level that are separately stated) pursuant to 29 U.S.C. § 203(s)(1)(A)(ii).

**ANSWER: Defendant admits the allegation.**

26.    As alleged herein, Defendant applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees.

**ANSWER:    Defendant admits only that it applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees located at its Carey, Ohio plant.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

27.    Each facility is engaged in related activities, including all activities which are necessary to the operation and maintenance of Defendant's manufacturing/production facilities.

**ANSWER: Defendant denies the allegation.**

28.    Each facility has common management, ownership, and related interests.

**ANSWER: Defendant denies the allegation.**

29.    Defendant retains ultimate authority and operational control over significant aspects of the day-to-day functions of Defendant's facilities, including

supervising and controlling work schedules and conditions of employment of Named Plaintiff Wagner, the FLSA Collective, and the State Law Class.

**ANSWER:  Defendant denies the allegation.**

30.    Each facility provides the same or similar array of products and services to customers at its facilities.

**ANSWER:  Defendant denies the allegation.**

31.    At all times relevant, Defendant had direct or indirect control and authority over Named Plaintiff's, the FLSA Collective's, and the State Law Class's working conditions, including matters governing the essential terms and conditions of their employments.

**ANSWER:  Defendant admits only that it applied policies and/or practices pertaining to the payment of wages, including overtime and other compensation, and timekeeping uniformly to its hourly, non-exempt employees located at its Carey, Ohio plant.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

### III.  FACTS

32.    Named Plaintiff has been employed by Defendant as an hourly, nonexempt employee since approximately October 2022 until the present. Named

Plaintiff works as a press operator at Defendant's manufacturing/production facility located at 581 Arrowhead Drive, Carey, Ohio 43316.

**ANSWER:  Defendant admits the allegation.**

33.    At all times relevant, Named Plaintiff has been an hourly, non-exempt employee.

**ANSWER:  Defendant admits the allegation.**

34.    In her position as an hourly, non-exempt press operator, Named Plaintiff's primary job duties include, but are not necessarily limited to, operating a machine in order to make air conditioning units for vehicles, move them down the line, ensure accurate hourly counts of production, and also assist fellow production workers as needed.

**ANSWER:   Defendant neither admits nor denies the allegation as Plaintiff's primary work duties encompassed other tasks.**

35.    At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were also hourly, non-exempt employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207.

**ANSWER:  Defendant admits only that the Plaintiff is employed as an hourly, non-exempt employee.   Defendant neither admits nor denies the allegation regarding the FLSA Collective and State Law class as it does not have**

-14-

**sufficient information to identify that group for purposes of answering this allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

36.     At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were non-exempt employees within the meaning of 29 U.S.C. § 203(e) and the Ohio Acts.

**<u>ANSWER</u>:  Defendant admits only that the Plaintiff is employed as an hourly, non-exempt employee.  Defendant neither admits nor denies the allegation regarding the FLSA Collective and State Law class as it does not have sufficient information to identify that group for purposes of answering this allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

37.     At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class were employees engaged in commerce within the meaning of 29 U.S.C. § 207.

**ANSWER**:  **Defendant admits only that the Plaintiff is an employee engaged in commerce within the meaning of 29 U.S.C. §207.  Defendant neither admits nor denies the allegation regarding the FLSA Collective and State Law class as it does not have sufficient information to identify that group for purposes of answering this allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

38.    At all times relevant, Named Plaintiff, the FLSA Collective, and State Law Class are entitled to timely paid overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek, 29 U.S.C. § 207.

**ANSWER**:  **Defendant admits only that the Plaintiff is entitled to the payment of overtime compensation pursuant to 29 U.S.C §207.  Defendant neither admits nor denies the allegation regarding the FLSA Collective and State Law class as it does not have sufficient information to identify that group for purposes of answering this allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

-16-

39.    Named Plaintiff, the FLSA Collective, and State Law Class worked overtime hours during one or more workweeks during their employments with Defendant.

**ANSWER:  Defendant admits only that the Plaintiff worked overtime hours during her employment.  Defendant neither admits nor denies the allegation regarding the FLSA Collective and State Law class as it does not have sufficient information to identify that group for purposes of answering this allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

40.    Like the other members of the FLSA Collective and State Law Class, Named Plaintiff Wagner worked more than forty (40) hours in one or more workweeks. Defendant was aware that Named Plaintiff, the FLSA Collective, and State Law Class worked overtime hours, but Defendant did not fully and properly pay them in accordance with the minimum requirements of the FLSA and state law for all of their compensable overtime hours worked due at the correct overtime rates due to the companywide policies/practices described below.

**ANSWER:  Defendant admits only that the Plaintiff worked overtime hours during her employment.  Defendant neither admits nor denies the**

**allegation regarding the FLSA Collective and State Law class as it does not have sufficient information to identify that group for purposes of answering this allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.  Notwithstanding that, Defendant denies the allegation that it did not fully and properly pay employees under the minimum requirements of the FLSA and state law.**

41.    Defendant consistently, willfully, and intentionally failed to pay Named Plaintiff, the FLSA Collective, and State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207.

**ANSWER:  Defendant denies the allegation.**

**(Defendant's Failure to Pay Overtime
Compensation at the Correct Regular Rate of Pay)**

42.    Defendant paid Named Plaintiff, the FLSA Collective, and State Law Class an hourly wage for hours worked (hereinafter "Base Hourly Wage").

**ANSWER:  Defendant admits only that it paid the Plaintiff an hourly wage for her work.  Defendant neither admits nor denies the allegation regarding the FLSA Collective and State Law class as it does not have sufficient information to identify that group for purposes of answering this allegation.  Answering further, Defendant denies that FLSA collective action and/or Fed.**

**R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.  Notwithstanding that, Defendant denies the allegation that it did not fully and properly pay employees under the minimum requirements of the FLSA and state law.**

43.    In addition to the Base Hourly Wage, Defendant pays its hourly nonexempt production/manufacturing employees one or more additional forms of nondiscretionary remuneration that should have been included in the calculation of employees' regular rates of pay for overtime compensation calculation purposes.

**<u>ANSWER</u>:  Defendant denies the allegation that any additional items of nondiscretionary remuneration paid to Plaintiff and/or others was not included in the calculation of an employee's regular rate of pay for overtime compensation purposes.**

44.    Examples of additional forms of nondiscretionary remuneration include, but are not limited to, shift premiums for working certain shifts and other forms of compensation which were based on objective, predetermined, and measurable criteria, payments that induced workers to work more efficiently or productively or at undesirable hours, incentivized or encouraged Named Plaintiff and similarly situated workers to work more steadily, rapidly and/or efficiently, and/or incentivized or encouraged its workers to remain with the company given its

importance to the overall operation of Defendant's business (all types of nondiscretionary remuneration hereinafter "Additional Remuneration"). *See* 29 C.F.R §§ 778.207(b), 778.211(c). *See also* U.S. Department of Labor Fact Sheet #56C: Bonuses under the Fair Labor Standards Act (FLSA).[5]

**ANSWER: Defendant denies the allegation that any additional items of nondiscretionary remuneration paid to Plaintiff and/or others was not included in the calculation of an employee's regular rate of pay for overtime compensation purposes.**

45. The Additional Remuneration which do not qualify for exclusion must be totaled in with other earnings to determine the regular rate on which overtime pay must be based. *See* 29 C.F.R. § 778.200.

**ANSWER: Defendant denies the allegation that any additional items of nondiscretionary remuneration paid to Plaintiff and/or others was not included in the calculation of an employee's regular rate of pay for overtime compensation purposes.**

46. Defendant informed, announced, and/or promised to Named Plaintiff, the FLSA Collective, and the State Law Class the additional non-discretionary Additional Remuneration, upon hiring or otherwise during their employments. Named Plaintiff, the FLSA Collective, and the State Law Class expected to receive

---

[5] https://www.dol.gov/agencies/whd/fact-sheets/56c-bonuses (last accessed Nov. 14, 2024).

one or more forms of Additional Remuneration and did in fact receive one or more forms of Additional Remuneration.

**ANSWER:  Defendant admits the allegation that it paid remuneration to Plaintiff in addition to her hourly base rate.  Defendant denies the allegation that any additional items of nondiscretionary remuneration paid to Plaintiff and/or others was not included in the calculation of an employee's regular rate of pay for overtime compensation purposes.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

47.    During the last three years preceding the filing of this Complaint, Named Plaintiff, the FLSA Collective, and the State Law Class received or earned their Base Hourly Wage in addition to the Additional Remuneration as described above in one or more workweeks when they worked more than forty (40) hours in a single workweek.

**ANSWER:  Defendant admits the allegation that it paid remuneration to Plaintiff in addition to her hourly base rate.  Defendant denies the allegation that any additional items of nondiscretionary remuneration paid to Plaintiff and/or others was not included in the calculation of an employee's regular rate of pay for overtime compensation purposes.  Answering further, Defendant**

denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.

48.     However, Defendant failed to fully include one or more forms of Additional Remuneration in calculating Named Plaintiff's, the FLSA Collective's, and the State Law Class's regular rates of pay for overtime purposes during workweeks when they worked overtime in one or more workweeks.

**ANSWER: Defendant denies the allegation.**

49.     By way of one non-exhaustive example, during the pay period of September 9, 2024 through September 22, 2024, Named Plaintiff was paid a Base Hourly Wage of $23.07 per hour for 40 regular hours of work. During the same pay period, she worked on third shift and, in exchange, was paid a total of $55.82 in Additional Remuneration for working those hours on third shift. Defendant paid her a total of $978.62 regular wages. In addition, she worked at least 22.95 overtime hours, her overtime rate was $34.605, and was paid a total of $794.18 in overtime premium. An accurate representation of this sample pay stub is below as follows:

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Overtime | 34.6050 | 22.95 | 794.18 | 7,045.16 |
| SHIFT DIFF 3 | | | 55.82 | 1,184.83 |
| SHIFT 3 | 23.0700 | 40.00 | 922.80 | 28,884.63 |
| Regular | | | | 952.10 |
| HOLIDAY | | | | 1,364.80 |
| | Gross Pay | | $1,772.80 | 41,812.65 |

**ANSWER:  Defendant admits that the allegation includes an accurate representation of Plaintiff's pay stub for the period.  Defendant avers that the shift differential calculation contained in the paystub is adjusted for overtime worked by Plaintiff.**

50.    After dividing her overtime rate of $34.605 by 1.5, it yields an hourly rate of $23.07 per hour. Had Defendant included the $55.82 non-discretionary shift premium into her regular rate of pay, her overtime rate would have been higher than $34.605 per hour. However, Defendant failed to include this non-discretionary shift premium when calculating Named Plaintiff's regular rate of pay, resulting in unpaid overtime for this pay period alone.

**ANSWER:  Defendant avers that the shift differential calculation contained in the paystub is adjusted for the overtime worked by Plaintiff, that he pay was correctly calculated, and that she received full overtime.**

51.    As a result of Defendant's companywide policy or practice of failing to include Additional Remuneration in the regular rate of pay for purposes of calculating overtime compensation, Named Plaintiff, the FLSA Collective, and State Law Class were not fully and properly paid for all of their compensable overtime hours worked because Defendant did not properly calculate their regular rates of pay for the purposes of meeting the minimum requirements set forth in the FLSA and the Ohio Acts, which resulted in unpaid overtime wages.

**ANSWER: Defendant denies the allegation that the pay statement practice applicable to Plaintiff applied to any other entity other than Hanon Systems, LLC.   Defendant denies that it failed to include additional remuneration in the calculation of overtime pay for nonexempt employees at is Carey, Ohio plant and Michigan facility.**

52.    Defendant's failure to compensate Named Plaintiff and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employee's "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and Ohio law, which requires the timely payment of all wages, including overtime wages, earned and owed.

**ANSWER:  Defendant admit that allegation that the FLSA and Ohio law require payment of all wages including overtime compensation.  Defendant denies the allegations that it failed to compensate Plaintiff or any alleged FLSA collective action plaintiff for overtime worked and that it knowingly and willfully violated its obligations.**

53.    The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and resulted in the unlawful deprivation of wages of Defendant to the detriment of Defendant's employees, including Named Plaintiff, the FLSA Collective, and State Law Class.

**ANSWER:  Defendant denies the allegations.**

**(The Willfulness of Defendant's Violations)**

54.     In addition to the above allegations demonstrating the willfulness of Defendant's wage violations as provided for above, Defendant knew or should have known, as a large and sophisticated employer, that its workers, including Named Plaintiff, the FLSA Collective, and State Law Class, were entitled to overtime compensation under federal and state law.

**ANSWER:  Defendant admits that allegation that the FLSA and Ohio law require payment of all wages including overtime compensation to its nonexempt employees.  Defendant denies the allegations that it failed to compensate Plaintiff or any alleged FLSA collective action plaintiff for overtime worked and that it knowingly and willfully violated its obligations.**

55.     By denying Named Plaintiff, the FLSA Collective, and State Law Class overtime compensation as required by the FLSA, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA and failed to comply with

them or acted in reckless disregard as to its obligations under these laws in failing to comply with them.

**ANSWER:  Defendant denies the allegations that it failed to compensate Plaintiff or any alleged FLSA collective action plaintiff for overtime worked and that it knowingly and willfully violated its obligations or acted with reckless disregard.**

56.     Under these circumstances, Defendant's violations of the FLSA were willful, within the meaning of the FLSA, inasmuch as Defendant had actual notice of the requirements of the FLSA.

**ANSWER:  Defendant denies the allegation.**

57.     Named Plaintiff and the FLSA Collective are therefore entitled to liquidated damages equal to the amount of all unpaid overtime compensation pursuant to 29 U.S.C. § 260.

**ANSWER:  Defendant denies the allegation.**

58.     Named Plaintiff and the State Law Class are also therefore entitled to unpaid wages and liquidated damages under the Ohio Acts.

**ANSWER:  Defendant denies the allegation.**

## IV. <u>COLLECTIVE AND CLASS ACTION ALLEGATIONS</u>

**A.     FLSA Collective Action for Unpaid Overtime Wages**

59.    Named Plaintiff brings Count I of this action on behalf of herself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

**<u>ANSWER</u>:**

**Defendant neither admits nor denies the allegation as to whom Plaintiff is bringing Count I of the Complaint.  Answering further, Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

60.    The "FLSA Collective" to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff herself is a member, is composed of and defined as follows:

> All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant in the United States during the period of three years preceding the commencement of this action to the present who worked forty (40) or more hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all

hours worked in excess of forty (40) hours per workweek ("FLSA Collective").[6]

**ANSWER: Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Answering further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

61.    Such persons are "similarly situated" with respect to Defendant's FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation at the correct regular rate of pay and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

**ANSWER: Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

---

[6] Named Plaintiff reserves the right to amend and refine the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

62.    Named Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendant pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint.  Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.  In addition, Defendant denies the allegation that it willfully violated the FLSA or state law.**

63.    Named Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendant in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint.  Answering further, the definition of the alleged class is overbroad**

and does not identify any specific pay practice related to the class.  In addition, Defendant denies the allegation that it willfully violated the FLSA or state law.

64.    Named Plaintiff and the members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Named Plaintiff and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint.  Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.  In addition, Defendant denies the allegation that it willfully violated the FLSA or state law.**

65.    Throughout her employment with Defendant, Named Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendant that led to less overtime wages paid than overtime hours worked that the members of the FLSA Collective were subjected to.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate**

**or similarly situated representative for others for the claims asserted in the Complaint. Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

66.    Named Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class. In addition, Defendant denies the allegation that it willfully violated the FLSA or state law.**

67.    This action is brought pursuant to 29 U.S.C. § 216(b) of the FLSA and seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former non-exempt production/manufacturing employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as her own, in bringing this action.

**ANSWER:  Defendant acknowledges that this action is brought pursuant to 29 U.S.C. §216(b).  Defendant denies that FLSA collective action and/or Fed.**

**R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

68.    Issuing notice to the FLSA Collective pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Therefore, Defendant denies that any such collective or class action notice is inappropriate.  Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

69.    Named Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from

Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Therefore, Defendant denies that it is appropriate for Plaintiff to send any such collective or class action notice.  Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

70.    Court-supervised notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendant satisfied the FLSA's requirements for payment of statutory overtime wages.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Therefore, Defendant denies that it is appropriate for Plaintiff to send any such court-supervised collective or class action notice.  Answering**

**further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

71.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Therefore, Defendant denies that it is proper or necessary for Plaintiff to send any such collective or class action notice.  Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

72.     These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the**

**Complaint. Therefore, Defendant denies that it is appropriate for Plaintiff to send any such collective or class action notice.  Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.**

73.    The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Named Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately one thousand or more persons.

**ANSWER:  Defendant denies that FLSA collective action and/or Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Therefore, Defendant denies that it is appropriate for Plaintiff to send any such collective or class action notice.  Answering further, the definition of the alleged class is overbroad and does not identify any specific pay practice related to the class.  Answering further, Defendant does not employ more than 1,000 nonexempt employees at is Carey, Ohio plant and Michigan facility combined.**

**B.     Federal Rule of Civil Procedure 23 Class Action for Unpaid Wages**

74.     Named Plaintiff brings Counts II and III under Federal Rule of Civil

Procedure 23 as a class action on behalf of herself and all other members of the State

Law Class, defined as:

> All current and former non-exempt (including but not
> limited to commission-based, production-based, hourly,
> and salaried) employees of Defendant in Ohio during the
> period of three years preceding the commencement of this
> action to the present who worked forty (40) or more hours
> during one or more workweeks and who were not paid
> overtime compensation at one and one-half times the
> employees' regular rate of pay for all hours worked in
> excess of forty (40) hours per workweek (the "State Law
> Class").

**ANSWER:  Defendant denies that Fed. R. Civ. P. 23 class certification is**

**appropriate   and   that   Plaintiff   is   an   appropriate   or   similarly   situated**

**representative for others for the claims asserted in the Complaint.  Answering**

**further, the definition of the alleged class is overbroad and it does not identify**

**any specific pay practice related to the class.**

75.     The State Law Class, as defined above, is so numerous that joinder of

all members is impracticable. Named Plaintiff cannot yet state the exact number of

class members but avers, upon information and belief, that the State Law Class

consists of several hundred or more persons. The number of class members, as well

as their identities, are ascertainable from the payroll and personnel records

Defendant maintained, and was required to maintain, pursuant to the FLSA. *See* 29

U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7.

**ANSWER:  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint.  Answering further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

76.    Named Plaintiff is a member of the State Law Class and her claims for unpaid wages are typical of the claims of other members of the State Law Class.

**ANSWER:  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint.  Answering further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

77.    Named Plaintiff will fairly and adequately represent the State Law Class and the interests of all members of the State Law Class.

**ANSWER:  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint.  Answering**

**further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

78.    Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the State Law Class that she has undertaken to represent.

**ANSWER:  Defendant neither admits nor denies the allegation as it does not possess sufficient information to respond.**

79.    Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the State Law Class. Named Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

**ANSWER:  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint.  Answering further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

80.    Questions of law and fact are common to the State Law Class and predominate over any questions affecting only individual members. The questions of law and fact common to the State Law Class arising from Defendant's conduct include, without limitation:

(a) whether Defendant violated the Ohio Acts by failing to pay the State Law Class Members for all overtime wages earned because of the violation(s) described herein;

(b) what amount of unpaid and/or withheld compensation is due to Named Plaintiff and the State Law Class on account of Defendant's violations of the Ohio Acts;

(c) whether the unpaid and/or withheld compensation remains unpaid in violation of the Ohio Acts;

(d) what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio Acts is due to Named Plaintiff and the State Law Class on the overtime compensation, as applicable, or other entitled compensation which was withheld or not timely paid to them.

**ANSWER: Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Answering further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

81. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to the non-exempt employees comprising of the State Law Class.

**ANSWER: Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated**

**representative for others for the claims asserted in the Complaint.  Answering further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

82.   Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the State Law Class, making appropriate relief with respect to Named Plaintiff and the State Law Class each as a whole.

**ANSWER:  Defendant denies that it acted or refused to act on grounds which violate Ohio state law.  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted in the Complaint. Answering further, the definition of the alleged class is overbroad and it does not identify any specific pay practice related to the class.**

83.   Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the State Law Class predominate over questions affecting individual members of the State Law Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

**ANSWER:  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated**

**representative for others for the claims asserted in the Complaint. Answering**

**further, the definition of the alleged class is overbroad and it does not identify**

**any specific pay practice related to the class.**

84.     A class action is superior to individual actions for the fair and efficient

adjudication of Named Plaintiff's and members of the State Law Class's claims and

will prevent undue financial, administrative, and procedural burdens on the parties

and the Court. Requiring State Law Class members to pursue their claims

individually would entail a host of separate suits, with concomitant duplication of

costs, attorneys' fees, and demands on court resources. Many State Law Class

members' claims are sufficiently small that they would be reluctant to incur the

substantial cost, expense, and risk of pursuing their claims individually. Certification

of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to

be adjudicated for all class members with the efficiencies of class litigation.

**ANSWER:  Defendant denies that Fed. R. Civ. P. 23 class certification is**

**appropriate and that Plaintiff is an appropriate or similarly situated**

**representative for others for the claims asserted in the Complaint.  Answering**

**further, the definition of the alleged class is overbroad and it does not identify**

**any specific pay practice related to the class.**

85.     Named Plaintiff and counsel are not aware of any interfering pending

litigation on behalf of the State Law Class as defined herein.

**ANSWER:  Defendant neither admits nor denies the allegation as it related to knowledge of Plaintiff and counsel.**

## V.  CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION
### FOR UNPAID OVERTIME COMPENSATION)

86.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:  Defendant incorporates the foregoing paragraphs as if fully restated herein.**

87.    This claim is brought as a collective action by Named Plaintiff on behalf of herself and other members of the FLSA Collective against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

**ANSWER:  Defendant acknowledges that Plaintiff seeks to represent a collective-class of employees pursuant to 29 U.S.C. §216(b).  Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

88.    The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

**ANSWER:  Defendant admits the allegation accurately cites the overtime compensation requirement contained in §207(a)(1) of the FLSA.**

89.    During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective.

**ANSWER:  Defendant admits the allegation that it employed Plaintiff within the three (3) year period preceding the filing of the Complaint. Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

90.    Named Plaintiff and the FLSA Collective were paid as non-exempt employees.

**ANSWER:  Defendant admits the allegation that it paid Plaintiff as a non-exempt employee. Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

91.    During the three (3) years preceding the filing of this Complaint, Named Plaintiff and the FLSA Collective worked in excess of forty (40) hours in one or more workweek(s), but were not fully paid for all overtime compensation as a result of one or more of Defendant's policies and/or practices as alleged above.

**ANSWER: Defendant admits the allegation that Plaintiff worked in excess of 40 hours in a workweek within the three (3) year period preceding the filing of the Complaint. Defendant denies that it did not fully pay Plaintiff overtime compensation when she worked over 40 hours in a workweek. Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

92.     Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to pay overtime for all hours worked over forty (40) hours in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendant's companywide policies and/or practices described herein.

**ANSWER: Defendant denies that it violated the FLSA and denies it did not fully pay Plaintiff overtime compensation when she worked over 40 hours in a workweek. Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

93.     Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective are entitled.

**ANSWER:  Defendant denies that it violated the FLSA and denies it willfully withheld and failed to pay Plaintiff overtime compensation when she worked over 40 hours in a workweek.  Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

94.    The exact total amount of overtime compensation that Defendant has failed to pay Named Plaintiff and the FLSA Collective is unknown at this time, as many of the records necessary to make such precise calculations are believed to be in the possession of Defendant.

**ANSWER:  Defendant denies that it violated the FLSA and denies it did not fully pay Plaintiff overtime compensation when she worked over 40 hours in a workweek.  Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

95.    Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and the FLSA Collective was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By

engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

**ANSWER**: **Defendant denies that it violated the FLSA and denies it willfully withheld and failed to pay Plaintiff overtime compensation when she worked over 40 hours in a workweek, or acted with reckless disregard. Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

96.    As a result of Defendant's willful violations of the FLSA, Named Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**ANSWER**: **Defendant denies the allegations. Further, Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

-46-

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION
### FOR UNPAID OVERTIME COMPENSATION)

97.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:  Defendant incorporates the foregoing paragraphs as if fully restated herein.**

98.    This claim is brought under the Ohio Wage Act, which incorporates the FLSA without limitation.

**ANSWER:   Defendant acknowledges that Plaintiff is bringing a claim under the Ohio Wage Act.**

99.    Named Plaintiff and other members of the State Law Class have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

**ANSWER:   Defendant admits the allegation that it employed Plaintiff and that it is an employer covered under the Ohio Wage Act. Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

100.  The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular

rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

**ANSWER: Defendant neither admits nor denies the allegation contained herein because it contains legal conclusions to which no answer is required.**

101.    While employed by Defendant, Named Plaintiff and the State Law Class worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages as outlined above.

**ANSWER:   Defendant admits the allegation that Plaintiff worked in excess of 40 hours in a workweek within the three (3) year period preceding the filing of the Complaint. Defendant denies that it did not fully pay Plaintiff overtime compensation when she worked over 40 hours in a workweek. Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

102.    As a result of Defendant's company-wide corporate policies and/or practices as described herein, Defendant failed to pay Named Plaintiff and the State Law Class all overtime wages earned.

**ANSWER**:  **Defendant denies that it violated the Ohio Wage Act and denies it did not fully pay Plaintiff overtime compensation when she worked over 40 hours in a workweek.  Defendant denies that Fed. R. Civ. P 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

103.   Named Plaintiff and the State Law Class were not exempt from the wage protections of the Ohio Wage Act.

**ANSWER**:  **Defendant admits that Plaintiff was not exempt from the overtime pay requirements of the Ohio Wage Act.  Defendant denies that Fed. R. Civ. P 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

104.   Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and the State Law Class were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the State Law Class are entitled.

**ANSWER**:  **Defendant denies that it violated the Ohio Wage Act and denies it willfully withheld and failed to pay Plaintiff overtime compensation when she worked over 40 hours in a workweek.  Defendant denies that Fed. R. Civ. P 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

105.    For Defendant's violations of the Ohio Wage Act, Named Plaintiff and the State Law Class have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available on behalf of herself and all other members of the State Law Class.

**ANSWER:  Defendant denies that it violated the Ohio Wage Act and that Plaintiff has suffered damages.  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

### COUNT III
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

106.    Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

**ANSWER:  Defendant incorporates the foregoing paragraphs as if fully restated herein.**

107.    Named Plaintiff brings this claim on behalf of herself and the State Law Class who were not timely paid overtime as a result of Defendant's pay policies and/or practices alleged above in violation of the OPPA.

**ANSWER:  Defendant acknowledges that Plaintiff seeks to represent a putative class of employees pursuant to Fed. R. Civ. P. 23 for alleged violation of the OPPA.  Defendant denies that its pay policies or practices applicable to**

**Plaintiff violate the OPPA.  Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

108.    The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA) triggers a failure to timely pay wages under the OPPA.

**ANSWER:  Defendant neither admits nor denies the allegation contained herein because it contains legal conclusions to which no answer is required.**

109.    Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

**ANSWER:  Defendant neither admits nor denies the allegation contained herein because it contains legal conclusions to which no answer is required.**

110.    Named Plaintiff and the State Law Class Members have been employed by Defendant.

**ANSWER:  Defendant admits the allegation that it employed Plaintiff. Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

111.    At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and State Law Class Members have been employed by Defendant within the meaning of the OPPA.

**ANSWER:  Defendant admits that it is an entity covered by the OPPA. Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

112.   The OPPA requires Defendant to pay Named Plaintiff and State Law Class Members all wages, including overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

**ANSWER:  Defendant neither admits nor denies the allegation contained herein because it contains legal conclusions to which no answer is required.**

113.   As outlined above, Defendant did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Named Plaintiff and the members of the State Law Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(B).

**ANSWER:  Defendant neither admits nor denies the allegation contained herein because it contains legal conclusions to which no answer is required.**

114.   As a result, there can be no dispute that Named Plaintiff's and State Law Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

**ANSWER:  Defendant denies that it violated the OPPA and that Plaintiff has suffered damages.   Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

115.   Defendant's violations of the OPPA, O.R.C. § 4113.15 injured Named Plaintiff and other State Law Class Members in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

**ANSWER:  Defendant denies that it violated the OPPA and that Plaintiff has suffered damages.   Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

116.   Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and the members of the State Law Class all wages owed in a timely fashion as required by Ohio law. Defendant's deliberate failure to timely pay all compensation owed to Named

Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15 made in good faith. By engaging in these practices, Defendant violated Ohio law and regulations that have the force of law.

**ANSWER:  Defendant denies that it violated Ohio law and denies it engaged in any illegal pattern and practice and failed timely pay all compensation owed to Plaintiff.  Defendant denies that collective certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

117.   As a result of Defendant's violation of the OPPA, Named Plaintiff and State Law Class Members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

**ANSWER: Defendant denies that it violated the OPPA and that Plaintiff has suffered damages.   Defendant denies that Fed. R. Civ. P. 23 class certification is appropriate and that Plaintiff is an appropriate or similarly situated representative for others for the claims asserted.**

**WHEREFORE, Defendant requests the Court deny any request for collective action certification in this matter, enter a judgment of no cause of action in its favor and against Plaintiff and award Defendant its reasonable**

costs and attorneys' fees and such other relief as this Court deems just and proper.

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all issues so triable.

**Defendant relies upon Plaintiff's jury demand.**

## AFFIRMATIVE DEFENSES

Defendant states as follows for its Affirmative Defenses to Plaintiff's Collective and Class Action Complaint:

1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2.     Plaintiff, nor any putative collective action participant, is not entitled to the damages requested in the Complaint as remuneration paid to Plaintiff, or any putative collective action participant, because the all payments made were consistent with Defendant's obligations under the FLSA and Ohio law.

3.     Plaintiff is not entitled to the damages requested in the Complaint.

4.     Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective allegations of the Complaint should be stricken.

5.     Plaintiff cannot establish or satisfy the requirements for class action certification under Fed. R. Civ. P. 23, including the requirements of commonality

and typicality, therefore, the class action allegations of the Complaint should be stricken.

6.     Plaintiff's claims are barred in whole or in part to the extent any relief is sought beyond the applicable statute of limitations.

7.     The putative collective action members cannot proceed collectively under 29 U.S.C. § 216(b) because they are not similarly situated to one another, or to Plaintiff.

8.     Even if Plaintiff could demonstrate liability, calculating damages for each collective or class action member requires individualized inquiry and it not suitable for class action certification.

9.     Defendant at all times acted in good faith and had reasonable grounds for believing its pay practices complied with applicable law.

10.    Plaintiff's claims for liquidated damages are barred by the FLSA because any and all actions taken by Defendant was undertaken in good faith and with reasonable grounds for believing such actions were not in violation of applicable law.

11.    Plaintiff was fully compensated in accordance with applicable law for all work performed for Defendant.

12.    Defendant reserves the right to amend its Answer and Affirmative Defenses as may be appropriate throughout discovery.

**WHEREFORE, Defendant requests the Court deny any request for collective action certification in this matter, enter a judgment of no cause of action in its favor and against Plaintiff and award Defendant its reasonable costs and attorneys' fees and such other relief as this Court deems just and proper.**

DICKINSON WRIGHT PLLC


By: _/s/ David R. Deromedi_____
David R. Deromedi (MI P42093)
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
PH:  (313) 223-3408
FX:  (844) 670-6009
dderomedi@dickinsonwright.com

*Attorneys for Defendants*

Dated:  January 30, 2025

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 30, 2025, I electronically filed the foregoing *Defendant's Answer, Affirmative Defenses and Jury Demand to Collective and Class Action Complaint* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

***/s/ Colleen L. Maguire***

Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500
cmaguire@dickinsonwright.com

4904-6154-7284 v1 [65113-11]